**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derek Jahn Chabrowski,<br><br>        Plaintiff,<br><br>v.<br><br>Wlodzimierz Jan Litwin; Izabela Nordahl; and Roman Mozdyniewicz,<br><br>        Defendants. | No. CV-16-03766-PHX-DLR<br><br>**ORDER** |

    Defendants Wlodzimierz Jan Litwin and Izabela Nordahl have filed a motion to dismiss pursuant to Rule 12(b). (Doc. 40.) The motion is fully briefed. (Docs. 44, 46, 48.) For reasons stated below, the motion is granted in part and denied in part.

**I. Subject Matter Jurisdiction**

    Defendant Nordahl argues that subject matter jurisdiction is lacking because the amount in controversy, as applicable to her, is far less than the jurisdictional requirement of $75,000. (Doc. 40 at 2-3.) The Court agrees.

    Under 28 U.S.C. § 1332(a)(1), federal courts have diversity jurisdiction over cases between citizens of different states involving claims greater than $75,000. The party invoking federal jurisdiction bears the burden of establishing the elements of jurisdiction, including the amount-in-controversy requirement. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Plaintiff has failed to meet his burden with respect to Nordahl.

When a diversity case involves more than one defendant, the "plaintiff may aggregate the amount against the defendants to satisfy the amount-in-controversy requirement only if the defendants are jointly liable; however, if the defendants are severally liable, plaintiff must satisfy the amount-in-controversy requirement against each individual defendant." *N. County Commc'ns Corp. v. McLeodUSA Telecomm. Servs., Inc.*, No. CV-09-2063-PHX-GMS, 2010 WL 1779445, at *5 (D. Ariz. May 3, 2010) (citing *Libby, McNeill, & Libby v. City Nat'l Bank*, 592 F.2d 504, 510 (9th Cir. 1987)). Plaintiff has not shown that Nordahl is jointly liable with the other Defendants for all damages claimed. The only claim asserted against Nordahl is one for unjust enrichment based on Litwin allegedly selling her a 2015 Mercedes worth $31,129 for only $8,000. (Doc. 28 ¶¶ 60, 93.) The other claim for false filing with the Arizona Corporation Commission is not asserted against Nordahl. (¶¶ 79-89.) Although the claim alleges that Defendant Mozdyniewicz was operating in connection with Litwin to export and sell assets of ARTBE (¶ 89), no such allegation is made against Nordahl.

Plaintiff's contention that diversity of citizenship allows a suit to be filed in federal court even if the amount in controversy does not exceed $75,000 (Doc. 44 at 3), is wholly without merit. *See* 28 U.S.C. § 1332(a)(1). Plaintiff asserts that Nordahl owes him the full value of the 2015 Mercedes (Doc. 44 at 4), but the vehicle's value – as alleged in the complaint – is only $31,129 (Doc. 28 ¶ 60). This is $44,000 less than the jurisdictional amount.

Plaintiff cites 28 U.S.C. § 1367 for the proposition that the Court may exercise supplemental jurisdiction over state law claims. (Doc. 46 at 6-8.) Section 1367(b), however, limits supplemental jurisdiction where, as in this case, exercising such jurisdiction over claims against joined defendants "would be inconsistent with the jurisdictional requirements of [§] 1332." Here, exercising supplemental jurisdiction over the $31,129 unjust enrichment claim against Nordahl would be inconsistent with the $75,000 amount-in-controversy requirement in § 1332(b). *See Green v. Doukas*, No. 97 CIV.8288CNGAY, 2001 WL 767069, at *3-5 (S.D.N.Y. June 22, 2001) (declining to

exercise supplemental jurisdiction over diverse party permissibly joined as a defendant where the claim against the party did not independently satisfy the amount-in-controversy requirement).

In short, the Court finds that it is without subject matter jurisdiction over Plaintiff's claim for unjust enrichment against Nordahl. The motion to dismiss is granted in this regard pursuant to Rule 12(b)(1).

**II. Personal Jurisdiction**

Defendant Litwin contends that the complaint is subject to dismissal pursuant to Rule 12(b)(2) because Plaintiff erroneously cited § 1332 in connection with his statement of personal jurisdiction, and the complaint therefore is deficient under Rule 8(a)(1). (Doc. 40 at 3-4.) Litwin cites no case law in support of this contention, and does not dispute that he had sufficient minimum contacts with Arizona to support personal jurisdiction in this case.

The Court finds that the complaint, read as a whole, sufficiently asserts personal jurisdiction over Litwin. The motion to dismiss is denied in this regard.

**III. Insufficient Service of Process**

Defendants contend that dismissal is warranted pursuant to Rules 12(b)(4) and (5) for insufficient process and service thereof under Rule 4. (Doc. 40 at 4-8.) This issue was discussed at the scheduling conference and an evidentiary hearing is set for June 21. (Doc. 45.) Given dismissal of the claim against Nordahl for lack of subject matter jurisdiction, the evidentiary hearing will address only whether Litwin has been properly served with process. The Court will rule on this aspect of the motion to dismiss following the evidentiary hearing. To the extent the Court finds insufficient service of process, the Court will direct Litwin to provide a convenient place and time for him to be served with, and accept, process.

**IT IS ORDERED** that the motion to dismiss filed by Defendants Wlodzimierz Jan Litwin and Izabela Nordahl (Doc. 40) is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted as to Nordahl and the claim against her is dismissed for

lack of subject matter jurisdiction. The motion is denied with respect to Litwin's request for dismissal for lack of personal jurisdiction. The Court will rule on the request for dismissal for insufficient service of process after the evidentiary hearing. The request for an award of attorney's fees and costs is **DENIED**.

Dated this 6th day of June, 2017.

Douglas L. Rayes
United States District Judge