**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derek Jahn Chabrowski, | No. CV-16-03766-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Wlodzimierz Jan Litwin; and Roman Mozdyniewicz, | |
| Defendants. | |

A Rule 16 scheduling conference in this matter is set for August 18, 2017 at 9:00 a.m. (Doc. 65.) Counsel for Defendant Litwin has filed a motion to appear telephonically because he is based in Utah. (Doc. 67.) The motion is granted.

Also pending before the Court is Defendant Mozdyniewicz's motion to dismiss filed on June 21, 2017. (Doc. 61.) No response has been filed, and the time for filing one has passed. *See* LRCiv 7.2(c) (providing for a 14-day response time). Pursuant to Local Rule 7.2(i), the Court will deem Plaintiff Chabrowski's failure to respond a consent to the granting of the motion. *See also Ghazali v. Moran*, 46 F.3d 53, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

Dismissal is appropriate on the merits as well. The amended complaint asserts claims for civil liability and equitable remedies for false filing with the Arizona Corporation Commission (ACC) under A.R.S. § 29-858. (Doc. 28 ¶¶ 79-95). The articles of organization for ARTBE LLC listed Chabrowski as the member and Litwin as

the manager. (Doc. 25 at 8.) Chabrowski alleges that Litwin made unauthorized filings with the ACC including articles of termination falsely declaring that company assets had been properly collected and distributed to members. (Doc. 28 ¶ 27.) Chabrowski claims that company assets, including the vehicles identified in the complaint, were never collected and distributed as Litwin declared and he therefore has violated § 29-858 by filing a materially false document with the ACC. (¶¶ 80-88).

But the complaint nowhere alleges that Mozdyniewicz made a false filing with the ACC. Instead, it asserts only that Mozdyniewicz has been "operating in connection with Litwin" to export and sell assets of the company. (¶¶ 32, 41 89.) But such conduct, even if true, does not constitute a violation of § 29-858. Stated otherwise, Chabrowski has failed to allege sufficient facts to state a plausible claim to relief against Mozdyniewicz under § 29-858. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The motion to dismiss therefore is granted.

Litwin also has filed a motion to dismiss for failure to state a claim for relief. (Doc. 66.) Chabrowski has filed a motion for leave to file objections to that motion and the request to appear telephonically. (Doc. 68.) But leave of Court is not needed to file a timely response to a motion. Rather, motion practice in this District is governed by the Local Rules of Civil Procedure, particularly Local Rule 7.2. The request for leave of Court is denied as moot, but the Clerk is directed to file the lodged "objections" (Docs. 69, 70) as responses to the respective motions. *See* LRCiv 7.2(c).[1]

**IT IS ORDERED:**

1. Defendant Mozdyniewicz's motion to dismiss (Doc. 61) is **GRANTED**.

2. Defendant Litwin's motion to appear telephonically at the Rule 16 scheduling conference (Doc. 67) is **GRANTED**.

3. Plaintiff Chabrowski's motion for leave to file objections (Doc. 68) is

---

[1] The Court has prohibited Chabrowski from filing any motion for sanctions absent leave of Court and has ordered him not to file documents unrelated to a substantive motion or not authorized by a specific rule of procedure (Docs. 53, 60), but these rulings do not prohibit Chabrowski from appropriately responding to motions as permitted under the rules of procedure.

1 **DENIED**.  The Clerk is directed to file the lodged documents (Docs. 69, 70) as responses
2 to the respective motions.
3     Dated this 16th day of August, 2017.

                                        Douglas L. Rayes
                                        United States District Judge