**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derek Jahn Chabrowski, | No. CV-16-03766-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Wlodzimierz Jan Litwin, | |
| Defendant. | |

Before the Court is Defendant Litwin's motion to dismiss pursuant to Rule 12(b)(6). (Doc. 66.) The motion is fully briefed. (Docs. 72, 76.) For reasons stated below, the motion is denied.[1]

**I. Background**

Chabrowski commenced this action by filing a pro se complaint on behalf of ARTBE Enterprises LLC. ARTBE was formed five years ago by Chabrowski and Litwin as a high-end car rental and leasing business. The articles of organization for ARTBE listed Chabrowski as the sole member and Litwin as manager. Chabrowski claims to have served as primary financial investor and holder of legal interest in the vehicles, most of which were supplied by Litwin when ARTBE was established. Chabrowski alleges that Litwin falsely claimed to be the true owner of some of the vehicles while others were

---

[1] Litwin's request for oral argument is denied because the issues are adequately briefed and oral argument would not aid the Court's decision. *See* LRCiv 7.2(f).

either never located in the United States or smuggled out of the country to Europe. (Doc. 1.)

At a status conference on December 9, 2016, Chabrowski was advised that he cannot proceed in this matter representing ARTBE because only licensed attorneys may represent a limited liability company in federal court. (Doc. 11.) Chabrowski thereafter sought leave to file an amended complaint asserting claims of fraud and swindling, embezzlement, and civil conspiracy. (Docs. 15, 16.) The Court denied leave to amend because the proposed complaint impermissibly sought to bring claims on behalf ARTBE, asserted claims under criminal statutes, and otherwise failed to meet the pleading requirements of Rule 8. (Doc. 19.)

Chabrowski thereafter moved for leave to file a second amended complaint. (Doc. 23.) The Court granted the motion under Rule 15(b)(2), finding in part that the proposed amended pleading did not appear to be futile. (Doc. 27.) Litwin has now moved to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim for relief. (Doc. 66.)

**II. Legal Standard**

A successful Rule 12(b)(6) motion must show that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support such a theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss where it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

**III. Discussion**

The amended complaint asserts claims under A.R.S. § 29-858 for civil liability and equitable remedies for false filings with the Arizona Corporation Commission

(ACC). (Doc. 28 ¶¶ 79-95). Chabrowski alleges that in September and October 2015, Litwin made unauthorized filings with the ACC including articles of termination falsely declaring that company assets had been properly collected and distributed to members. (¶¶ 23, 27.) Chabrowski claims that company assets, including the vehicles identified in the complaint, were never collected and distributed as Litwin declared and he therefore has violated § 29-858 by knowingly filing a materially false document with the ACC. (¶¶ 80-88.)

Section 29-858 was enacted in 2016 as part of the "Arizona business entities competitive omnibus act." 2016 Ariz. Sess. Laws, ch. 354, § 27 (S.B. 1356 at 32). Section 29-858(A) creates a civil right of action, which did not previously exist, "that the corporation or LLC, its creditors, and shareholders or members, may exercise against any person that authorizes or signs a document delivered for filing with the [ACC] that the person knows contains false or misleading information."[2] Section 29-858(A) provides, in pertinent part:

> [A]ny person that authorizes or signs a report, certificate, notice or other document with respect to [an LLC] that is delivered for filing with the [ACC] pursuant to this chapter and that has knowledge at the time of delivery . . . that the information contained in that . . . document is materially false or misleading is liable to the [LLC] and its creditors and members for all damages resulting.

In addition to a request for damages, the plaintiff may, pursuant to § 29-858(E), seek an "award of equitable remedies, if appropriate."

The complaint alleges that on October 14, 2015, Litwin filed articles of termination with the ACC falsely declaring, under penalty of perjury, that company assets had been properly collected and distributed to members and all priority liens discharged. (Doc. 28 ¶ 27; *see* Doc. 25 at 26; http://ecorp.azcc.gov/Details/Corp?corpId=L17447110;

---

[2] ACC, New Legislation Summary – May 2016, http://www.azcc.gov/Divisions/Corporations/Legislative-changes-update-May-2016.pdf?d=551 (last visited Aug. 29, 2017); *see* 6 Ariz. Prac., Corporate Practice § 12:99 (Oct. 2016) (explaining that the civil remedies provided for in § 29-858 was deemed necessary because members or managers of an LLC who were not in control were filing articles to the contrary and unlawfully taking company assets but criminal prosecutions for such fraudulent conduct rarely occurred.)

- 3 -

http://corporations.images.azcc.gov/05232519.pdf (last visited Aug. 29, 2017)). The cause of action for false filings alleges that company assets, including the vehicles identified in the complaint, were never collected and distributed as Litwin declared and he therefore has violated § 29-858(A) by knowingly filing a materially false document with the ACC. (Doc. 28 ¶¶ 80-88.) The second cause of action requests equitable remedies under § 29-858(E). (¶¶ 90-95.)

Litwin does not argue that the complaint fails to assert a cognizable legal claim under § 29-858. Rather, Litwin contends that the complaint fails to show any materially false or misleading statement because it does not allege that the vehicles belonged to ARTBE when Litwin filed the articles of termination with the ACC. (Doc. 66 at 3-4.) To the contrary, the whole basis for this action is that Litwin allegedly committed fraud by swindling ARTBE and Chabrowski out of company assets. The complaint makes clear that that many of the vehicles provided by Litwin as part of the joint venture were "assets of the company" and/or registered with the Arizona Department of Transportation in the name of ARTBE with Chabrowski as priority lien holder. (Doc. 28 ¶¶ 10-18, 20-21.) The complaint specifically alleges that Chabrowski, "as a Member-Creditor of ARTBE Enterprises, LLC, and a priority lien holder over *the aforementioned company assets*, as a matter of Arizona law, is entitled to recover the vehicles, or in the alternative, their fair market value." (¶ 29 (emphasis added).) The complaint then identifies the sixteen specific vehicles at issue (¶ 30), and goes on to explain what allegedly happened to them (¶¶ 31-78).

Plaintiff, of course, ultimately will have to prove at the summary judgment stage or trial that each vehicle belonged to ARTBE at all relevant times. But accepting the complaint's allegations as true – as the Court must at the dismissal stage – the Court finds that Chabrowski has adequately alleged facts showing that the vehicles were company assets over which he had a priority lien when Litwin filed the articles of termination with the ACC.

Defendant further contends that the complaint fails to state a claim for relief under

§ 29-858 because it does not allege that Litwin had knowledge of any false or misleading statement. (Doc. 66 at 3.) But the first cause of action itself affirmatively alleges that Litwin "*knowingly* submitted a falsehood to the [ACC] with regards to the company, and thus is personal[ly] liable" to Chabrowski for the fair market value of the sixteen vehicles. (Doc. 28 ¶ 88 (emphasis added).) Moreover, the complaint's factual section alleges that Litwin, contrary to A.R.S. § 29-858(A), filed articles of termination with the ACC declaring that all of the statute's requirements regarding company assets had been met. (¶ 27.) These allegations are sufficient to meet the knowledge requirement of § 29-858(A).

In summary, reading the complaint as a whole and drawing reasonable inferences in Chabrowski's favor, the Court finds that it states a plausible claim for relief under § 29-858. The motion to dismiss pursuant to Rule 12(b)(6) therefore is denied.

**IT IS ORDERED** that Defendant Litwin's motion to dismiss (Doc. 66) is **DENIED**.

Dated this 29th day of August, 2017.

Douglas L. Rayes
United States District Judge