**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derek Jahn Chabrowski, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Wlodzimierz Jan Litwin, et al., <br><br> Defendants. | No. CV-16-03766-PHX-DLR <br><br> **ORDER** |

Before the Court is Plaintiff Derek Chabrowski's ("Chabrowski") motion for summary judgment. (Doc. 122.) The motion is fully briefed.[1] (Doc. 126.) For the following reasons, Chabrowski's motion for summary judgment is denied.

Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When

---

[1] The parties also have fully briefed Chabroswki's separate motion for oral argument on summary judgment. (Docs. 133-135.) This briefing strikes the Court as a wasteful use of resources. This District's Local Rules require a party requesting oral argument to include the words "Oral Argument Requested" immediately below the title of the motion. In practice, however, it is not uncommon for parties to neglect to do so and to instead submit either a notice of errata, amended motion, or other type of separate request for oral argument, which is what happened here. The Court has never before had litigants quarrel over the propriety of a party's separate request for oral argument, probably because simply requesting oral argument does not guarantee that the Court will permit one. Instead, the Court's decision to set oral argument depends on whether it believes oral argument would be useful. The Court denies Chabrowski's request for oral argument not because of any technical non-compliance with the Local Rules, but because, after reviewing the parties' briefing and the record, the Court finds oral argument unnecessary. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

moving for summary judgment, the burden of proof initially rests with the moving party to present the portions of the record he believes demonstrate the absence of a genuine issue of material fact *and* the legal basis for his motion. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* LRCiv. 56.1(a) (requiring the moving party to submit a "memorandum of law"). If the movant fails to carry his initial burden of production, the non-movant need not produce anything further and the motion for summary judgment fails.

Here, Chabrowski's motion for summary judgment consists of a separate statement of facts and his personal declaration. (Docs. 123, 124.) Missing from Chabrowski's motion is a memorandum of law explaining why, as a matter of law, he is entitled to summary judgment. Even assuming that there are no genuine disputes of material fact, which the Court seriously doubts after reviewing Defendant's controverting statement of facts, Chabrowski fails to explain why he is entitled to judgment as a matter of law. Accordingly,

**IT IS ORDERED** that Chabrowski's motion for summary judgment (Doc. 122) and motion for oral argument (Doc. 133) are **DENIED.**

**IT IS FURTHER ORDERED** reaffirming the pretrial deadlines contained in the Court's March 2, 2018 Order Setting Final Pretrial Conference (Doc. 119), of which all parties should have a copy.

Dated this 9th day of October, 2018.

_____
Douglas L. Rayes
United States District Judge