**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derek Jahn Chabrowski, | No. CV-16-03766-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Wlodzimierz Jan Litwin, | |
| Defendant. | |

Following a three-day trial in November 2018, the jury returned a verdict in favor of Defendant on Plaintiff's false filing claim under A.R.S. § 29-858(A). (Doc 154.) The jury also returned a verdict in favor of Defendant on his counter-claims against Plaintiff for breach of fiduciary duty, conversion, breach of duty of loyalty and good faith and fair dealing, unjust enrichment, promissory estoppel, fraud, and false filing under A.R.S. § 29-858(A), awarding Defendant $41,805.00 in damages. (*Id.*) Although the jury found that Defendant was entitled to punitive damages, it awarded no additional damages. (*Id.*)

Before the Court is Plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), or, in the alternative, motion for new trial pursuant to Federal Rule of Civil Procedure 59(a). (Doc. 170.) The motion is fully briefed and neither party requested oral argument. (Doc. 173.) For the reasons stated below, Plaintiff's motion is denied.

**I. Motion for Relief from Judgment**

The Court may grant a motion for relief from judgment under Rule 60(b) only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief. Fed. R. Civ. P. 60(b); *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997). Plaintiff argues that the second and third bases apply. (Doc. 170 at 2.)

Taking Plaintiff's allegation of fraud first, Plaintiff seems to argue that the Court's decision to limit discovery into Plaintiff's bank accounts was obtained under fraudulent pretenses because Defendant did not disclose the existence of his Nevada bank account. (Doc. 170 at 3.) The Court disagrees. During discovery, Plaintiff objected to subpoenas of his bank records, arguing that that the records were irrelevant. At a telephonic discovery hearing in January 2018, the Court informed Plaintiff that based on the nature of his claims his bank accounts were relevant. When Plaintiff informed the Court that he was not claiming damages related to those accounts, the Court modified the scope of the subpoena and instructed Plaintiff that based on his representations, his damages would be limited to the checks he produced in discovery. A review of the transcript from that discovery hearing reflects that Defendant's bank accounts were not discussed and the Court's ruling did not address Defendant's bank accounts. Nor is it clear how the existence of Defendant's bank account is related to Plaintiff's decision to limit his damages to checks he produced. Moreover, the Court did not find that Defendant engaged in abusive discovery practices as averred to by Plaintiff in his motion. As such, Plaintiff has not shown that Defendant fraudulently engaged in discovery.

Turning next to Plaintiff's allegation that newly discovered evidence entitles him to relief from the judgment, under Rule 60(b)(2) the movant must present "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial [under Rule 59(b)]." Relief under this section is not appropriate because Plaintiff's purportedly new evidence was discovered within the time to move for a new

trial. The Court therefore will consider this portion of Plaintiff's request as a motion for a new trial under Rule 59(a).

**II. Motion for New Trial**

Rule 59 allows the Court to grant a new trial on all or some issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A). Because "Rule 59 does not specify the grounds on which a motion for a new trial may be granted," the court is "bound by those grounds that have been historically recognized." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). These "grounds include: 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Dawkins v. City and Cty. of Honolulu*, Civ. No. 10-00086 HG-KSC, 2012 WL 1982461, at *4 (D. Hawai'i May 31, 2012) (quoting *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007)). Plaintiff offers several reasons why he is entitled to a new trial, which the Court discusses in turn.

**A. Newly Discovered Evidence**

Plaintiff contends that he has "newly discovered evidence which by due diligence could not have been discovered in time." (Doc. 170 at 2.) To obtain relief based on newly discovered evidence, the moving party must show (1) that the evidence existed at the time the Court entered its judgment, (2) it was not discoverable sooner in the exercise of due diligence, and (3) the evidence is of such magnitude that, had it been produced earlier, it likely would have changed the outcome. *See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987). In ruling on a motion for a new trial based on newly discovered evidence, the Court has great discretion and may utilize the knowledge it has gained from presiding at the trial, as well as the showing made on the motion. *See, e.g.*, *U.S. v. Marachowsky*, 213 F.2d 235, 240 (7th Cir. 1954).

Plaintiff contends he discovered that Defendant had bank accounts in Nevada. (Doc. 170 at 3.) Plaintiff fails on the second and third prong. Plaintiff offers no evidence that he acted with due diligence and requested this information during discovery.

Moreover, Plaintiff fails to explain how the evidence would have changed the outcome of this case, where the principal issue was whether Plaintiff or Defendant had made false filings with the Arizona Corporation Commission. The Court finds that the evidence is irrelevant and as such, would not have changed the outcome.

### B. Jury Instructions

Plaintiff next argues that the Court "failed to include issues of controlling law" in the jury instructions by failing to instruct the jury on "the restatement of law of agency" and Federal Rule of Civil Procedure 9(b)'s particularity requirement.[1] (Doc. 170 at 3.)

As a preliminary matter, Plaintiff waived his right to assign as error the Court's failure to give any instruction by failing to make a timely objection. *See Grosvenor Properties Ltd. v. Southmark Corp.*, 896 F.2d 1149, 1152-53 (9th Cir. 1990). Under Rule 51, "instructional errors are waived if not raised in a timely fashion," *Zhang*, 339 F.3d at 1037, and objections are untimely if not made "before the instructions and arguments are delivered," Fed. R. Civ. P. 51(b)(2). Plaintiff proffered no jury instructions to the Court, nor did he object to any of the jury instructions provided by the Court. Even if Plaintiff had made such objection, however, it would not have been sustained. The Court instructed the jury, using Arizona's model jury instructions, on the law of agency. (Doc. 157 at 15-16.) Moreover, Federal Rule of Civil Procedure 9(b) is merely a pleading standard; it is not a statement of controlling, substantive law. The Court properly instructed the jury on the elements of fraud. (*Id.* at 7.)

### C. Rejection of Evidence

Plaintiff argues that the Court erroneously prevented certain evidence from being admitted at trial.[2] (Doc. 170 at 4.) First, Plaintiff contends that the Court did not admit

---

[1] Elsewhere in Plaintiff's motion, he purports to challenge the voir dire in the case. (Doc. 170 at 12.) All the arguments in support of this point, however, are challenges to jury instructions. As such, the Court treats this argument as part and parcel of Plaintiff's argument that the Court erred in instructing the jury.

[2] Plaintiff initially presents this argument as a challenge to the length of the trial. To the extent that Plaintiff's challenge is to the duration of trial, it fails. Based on the parties' recommendations, the trial was set for three days and each side was given equal time. This issue was discussed extensively at the final pretrial conference, yet Plaintiff did not object. Moreover, the Court regularly updated Plaintiff on how much time he had

evidence at trial that was "already admitted" as part of his Rule 26 disclosures and at summary judgment. (*Id.* at 5.) Documents turned over in discovery or offered in support of a summary judgment motion are not automatically admitted at trial, however.[3] At trial, when documents are offered into evidence the Court must make evidentiary rulings based on the rules of evidence. The Federal Rules of Evidence are clear; irrelevant evidence and evidence not provided for in the rules is inadmissible. *See* Fed. R. Evid. 402. Plaintiff has not pointed to any specific admissible evidence that was improperly excluded.

Next, Plaintiff challenges the Court's ruling with respect to an affidavit concerning BMO Harris Bank's investigation of ARTBE Enterprises LLC's accounts, arguing that the "rejected evidence was substantial[.]" (*Id.* at 5.) The Court precluded the affidavit because it was hearsay and not sufficiently reliable. Hearsay evidence is specifically not allowed. *See* Fed. R. Evid. 802. Where the risk of unfair prejudice substantially outweighs its probative value, evidence is not sufficiently reliable and is excluded by Rule 403 of the Federal Rules of Evidence. Plaintiff has not shown that either of these rulings were erroneous.

Finally, Plaintiff contends that the Court erroneously rejected a video of an oral argument from a justice court proceeding between Defendant and a third-party. The Court disagrees. At the close of the first day of trial, Plaintiff instructed the Court that he intended

---

remaining during trial, and even provided him additional time when he ran out. Any issues of insufficient time were of Plaintiff's own creation, as he regularly failed to have witnesses on hand and ready to testify, and when witnesses were present, examination was unnecessarily extended by Plaintiff's insistent attempts to delve into topics unrelated to the case.

[3] Plaintiff also makes passing reference to the final pre-trial conference. The final proposed pre-trial order requires parties to make their objections to exchanged exhibits. *See http://www.azd.uscourts.gov/judge-orders/proposed-final-pretrial-order-2* at (F)(3). Plaintiff, however, failed to exchange his trial exhibits (timely or otherwise). Because of Plaintiff's failings, which deprived Defendant of his opportunity to object to Plaintiff's exhibits, Defendant reserved the right to object to all exhibits at trial. At trial, none of Plaintiff's exhibits were deemed inadmissible for failure to exchange as part of the pre-trial order (instead, exhibits were ruled inadmissible for other reasons, including relevance, hearsay, lack of disclosure during discovery). Plaintiff also failed to raise any objections to Defendant's timely proffered exhibits. Nevertheless, the Court only conditionally admitted Defendant's exhibits, and allowed Plaintiff to make objections at trial. In sum, Plaintiff completely failed to comply with the final pre-trial order, yet the Court went to great lengths to ensure that Plaintiff was not prejudiced by his own lack of diligence.

to play the video during trial the following day. The Court notified Plaintiff of its concerns about the admissibility of the video, but reserved ruling until it was offered into evidence. Plaintiff, however, never attempted to offer the video during the remainder of trial. As such, the Court never ruled on its admissibility. Because the Court could not have rejected evidence that was never offered in the first place, it did not err.[4]

### D. Conduct of Defense Counsel

Plaintiff argues that "Defendant's attorney focused on making Plaintiff look bad in [the] eyes of [the] jury." (*Id.* at 6.) Plaintiff, however, offers no specific examples, nor does the Court find evidence of such.

### E. Court's Prior Rulings on Motions to Dismiss

Lastly, Plaintiff contends that the "Court never properly disposed of Defendant's motion to dismiss as well as Plaintiff's motion to dismiss Defendant's amended counterclaims." (*Id.* at 3.) Rule 59 is not an appropriate mechanism to seek reconsideration of such pre-trial orders. In any event, Plaintiff's argument is meritless. With respect to the Defendant's motion to dismiss, the Court granted the motion in part and denied it in part. (Doc. 54.) Moreover, with respect to Plaintiff's motion to dismiss (Doc. 86), the Court struck the motion because Plaintiff did not certify that he met and conferred with Defendant regarding the grounds of the motion prior to filing. (Doc. 116.) Plaintiff never renewed this motion with a proper certification that he had met and conferred. Accordingly,

**IT IS ORDERED** that Plaintiff's motion (Doc. 170) is **DENIED**.

Dated this 16th day of April, 2019.

Douglas L. Rayes
United States District Judge

---

[4] Plaintiff also argues that the justice court made a factual finding as to who owns ARTBE Enterprises. After reviewing the justice court transcript submitted as part of Plaintiff's present motion, the Court finds this to be untrue. The oral argument was on a motion to interplead. The justice court made no finding as to who was the rightful owner of ARTBE Enterprises.