**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derek Jahn Chabrowski, | No. CV-16-03766-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Wlodzimierz Jan Litwin, | |
| Defendant. | |

Before the Court is Defendant's amended motion for attorneys' fees and related non-taxable expenses. (Doc. 179.) Pursuant to A.R.S. §§ 12-341.01(A) and 29-858(A), Defendant seeks $57,532.50 in attorneys' fees and $5,996.40 in costs. (*Id.* at 1.) The motion is fully briefed and neither party requested oral argument. For the following reasons, Defendant's motion is granted.

**I. Background**

Plaintiff's only claim in this matter was that Defendant violated § 29-858(A) by making a false filing with the Arizona Corporation Commission. Defendant counterclaimed that Plaintiff violated § 29-858(A). Defendant also brought counterclaims against Plaintiff for breach of fiduciary duty, conversion, breach of duty of loyalty and good faith and fair dealing, unjust enrichment, promissory estoppel, and fraud.

Following a three-day trial in November 2018, the jury returned a verdict in favor Defendant on Plaintiff's § 29-858(A) claim, and in favor of Defendant on his own § 29-

858(A) claim, awarding Defendant $41,805.00 in damages. (Doc 154.) The jury also returned a verdict in favor of Defendant on his remaining counterclaims. (*Id.*) Although the jury found that Defendant was entitled to punitive damages, it awarded no additional damages. (*Id.*)

## II. Discussion

Under § 29-858(A), "[t]he prevailing party in an action for liability imposed by this subsection is entitled to an award for its costs and reasonable attorney fees." Defendant is entitled to an award of costs and reasonable attorneys' fees because he is the prevailing party.

Reasonableness is generally analyzed under the "lodestar method," which has been adopted as "the centerpiece of attorney's fee awards." *Leavey v. UNUM/Provident Corp.*, No. 2: CV-02-2281-PHX-SMM, 2006 WL 1515999, at *23 (D. Ariz. May 26, 2006) (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989)). "A fee award calculated by a lodestar method—multiplying a reasonable hourly rate by the number of hours expended— is presumptively reasonable." *Flood Control Dist. of Maricopa Cty. v. Paloma Inv. Ltd. P'ship*, 279 P.3d 1191, 1212 (Ariz. Ct. App. 2012).

> Once the prevailing party makes a prima facie case that the fees requested are reasonable, the burden shifts to the party opposing the fee request to establish that the amount requested is clearly excessive. If that party fails to make such a showing of unreasonableness, the prevailing party is entitled to full payment of the fees. If, however, the party opposing the award shows that the otherwise prima facie reasonable fee request is excessive, the court has discretion to reduce the fees to a reasonable level.

*Geller v. Lesk*, 285 P.3d 972, 976 (Ariz. Ct. App. 2012).

When analyzing the reasonableness of a requested fee award, the Court begins by determining the billing rate charged by the attorneys who worked on the case. *Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927, 931 (Ariz. Ct. App. 1983). "[I]n corporate and commercial litigation between feepaying clients, there is no need to determine the reasonable hourly rate prevailing in the community for similar work because the rate charged by the lawyer to the client is the best indication of what is reasonable under the

circumstances of the particular case." *Id.* at 931-32. However, "upon the presentation of an opposing affidavit setting forth the reasons why the hourly billing rate is unreasonable, the court may utilize a lesser rate." *Id.* at 932. Having reviewed Defendant's supporting documentation, the Court finds that the hourly rates charged by Defense Counsel are reasonable. Moreover, Plaintiff has not presented an opposing affidavit explaining why the hourly billing rate is unreasonable.

Next, the Court must assess whether Defendant's attorney billed a reasonable number of hours for appropriate tasks. A reasonable attorneys' fee award compensates only for those "item[s] of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest." *Schweiger*, 673 P.2d at 932 (internal quotation and citation omitted). To that end, the party seeking a fee award must submit an affidavit indicating "the types of legal services provided, the date the service was provided, the attorney providing the service . . . , and the time spent providing the service." *Id.*; *see also* LRCiv 54.2(d)(3), (e). Once that party establishes its entitlement to fees and submits a sufficiently-detailed affidavit, "the burden shifts to the party opposing the fee award to demonstrate the impropriety or unreasonableness of the requested fees." *Nolan v. Starlight Pines Homeowners Ass'n*, 167 P.3d 1277, 1286 (Ariz. Ct. App. 2007). The opposing party must "present specific objections to the reasonableness of the fees requested." *Id.* Generic assertions that the fees "are inflated and that much of counsel's work was unnecessary . . . are insufficient as a matter of law." *Id.* at 1285-86.

Defendant has met his prima facie burden by submitting a detailed, task-based itemization of the fees incurred in defending against this action, which total $57,532.50. (Doc. 179-3.) This itemization includes the date each task was performed, the attorney performing the task, a description of the task, the amount of time spent performing it, and the total amount billed for each task.[1] Defendant also seeks $5,996.40 in non-taxable costs,

---

[1] Plaintiff's pattern of disregarding the rules of civil procedure and the local rules, even after they were pointed out to him, along with making arguments and taking positions based on misrepresentations of facts, created extra work for defense counsel and interfered with the speedy and inexpensive determination of the action as contemplated by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1.

which have been similarly itemized. (*Id.* at 15, 18.) The burden therefore shifts to Plaintiff to present specific objections to the reasonableness of the fees requested. Plaintiff made no objections, specific or otherwise. Because Plaintiff fails to make a showing of unreasonableness, Defendant is entitled to full payment of fees. Moreover, because the Court finds that Defendant is entitled to fees under § 29-858(A) and that the fees requested are reasonable, the Court need not determine whether he should recover fees under § 12-341.01(A). Accordingly,

**IT IS ORDERED** that Defendant's motion (Doc. 179) is **GRANTED**. Defendant is awarded attorneys' fees in the amount of $57,532.50 and non-taxable costs in the amount of $5,996.40 against Plaintiff.

Dated this 17th day of April, 2019.

Douglas L. Rayes
United States District Judge